An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDERICK O'DELL; JAMES SEXEY; ARMANDO PORRAS; DOMINIC ORLANDO; JOHN MERCHANT; JOHN DAWSON; JEFFREY MURRAY; AND BRANDON YOUNG,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; THE HONORABLE MICHAEL VILLANI, DISTRICT JUDGE; AND THE HONORABLE KENNETH C. CORY, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63534

FILED

JUL 29 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of prohibition challenges a district court order denying petitioners' motion to dismiss an indictment on double jeopardy grounds. A writ of prohibition is the proper remedy to restrain a district court from exercising a judicial function without or in excess of its jurisdiction. NRS 34.320. We have previously held that a writ of prohibition will issue to preclude a retrial that would violate the Double Jeopardy Clause. *Glover v. Eighth Judicial Dist. Court*, 125 Nev. 691, 701, 220 P.3d 684, 692 (2009).

Petitioners rely exclusively on *Hylton v. Eighth Judicial Dist. Court*, 103 Nev. 418, 743 P.2d 622 (1987), to argue that the Double Jeopardy Clause bars a second trial because their first trial ended when a

13-22273

mistrial was declared and the State was responsible for the circumstances that necessitated the mistrial. In *Hylton*, the prosecutor moved for a mistrial, arguing that a witness' inability to testify would prejudice the State's case. *Id.* at 421, 743 P.2d at 624. The *Hylton* court observed that "[t]he prosecutor has a heavy burden of justifying the mistrial in order to avoid the double jeopardy bar." *Id.* at 422, 743 P.2d at 625. And the *Hylton* court concluded that the prosecutor could not avoid the double jeopardy bar because he failed to demonstrate that the mistrial was manifestly necessary. *See id.* at 422-24, 743 P.2d at 625-26. Here, unlike in *Hylton*, it was the petitioners who moved for the mistrial.

"As a general rule, a defendant's motion for, or consent to, a mistrial removes any double jeopardy bar to reprosecution." *Melchor-Gloria v. State*, 99 Nev. 174, 178, 660 P.2d 109, 111 (1983). An exception to this rule "applies in those cases in which the prosecutor intended to provoke a mistrial or otherwise engaged in 'overreaching' or 'harassment.'" *Id.* at 178, 660 P.2d at 112. However, such overreaching or harassment, "even if sufficient to justify a mistrial on defendant's motion, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Id.* (citing *Oregon v. Kennedy*, 456 U.S. 667, 675-76 (1982)).

The district court conducted a hearing on the petitioners' motion to dismiss the indictment. It found that the petitioners requested a mistrial on numerous occasions, the petitioners' final request was granted due to discovery issues, and the record did not establish that the State intended to goad or force the petitioners into requesting a mistrial. We are convinced from our review of the record that the district court's findings are not clearly erroneous, *see id.* at 178, 660 P.2d at 112

(sustaining a district court's findings as to whether the State intended to goad defendant into seeking a mistrial unless clearly erroneous), and we conclude that the petitioners' motion for a mistrial removed any double jeopardy bars to a second trial. Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Michael Villani, District Judge
     Hon. Kenneth C. Cory, District Judge
     Chris T. Rasmussen
     Bellon & Maningo, Ltd.
     Palm Law Firm, Ltd.
     Oronoz & Ericsson
     Kajioka & Bloomfield
     Cremen Law Offices
     Joel M. Mann, Chtd.
     Thomas F. Pitaro
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[1]In light of this order, we deny petitioners' motion for a stay of the proceedings.